KINNEAR, Respondent, v. JONES, Appellant.

1. Where a suit is commenced before a justice of the peace to enforce a claim for work and labor against a contractor, also a lien against the building, and the suit as against the owner of the building is commenced out of time, and no judgment is rendered by the justice in regard to the enforcement of the lien; *held*, that the St. Louis Law Commissioner's Court has jurisdiction of an appeal taken in such case by the contractor from a judgment rendered against him by the justice.

*Appeal from St. Louis Law Commissioner's Court.*

*Lewis* and *Henning*, for appellant.
*P. E. Bland*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a suit brought by Kinnear against Jones before Mann Butler, Esq., a justice of the peace, for work and labor done by Kinnear as a bricklayer in the employment of said Jones on a brick building situated in the city of St. Louis, and owned by J. B. Ghio. The account was for twelve and a half days' work, at $2 50 per day, amounting to $31 25.

Kinnear filed his account, describing the building, and stating the work and price done by him for Jones, with the clerk of the Circuit Court of St. Louis county, on the 12th of July, 1853, and gave notice on the 9th of July, 1853, to Jno. B. Ghio, the owner of the building, of his claim and intention to hold the lien on it for the said work and labor, amounting to $31 25. The work was done, as stated in the account, between the 23d day of March and the 10th day of May, 1853. The justice issued his summons against said John B. Ghio also, to answer the complaint of Kinnear on a lien filed for the same account on which Jones was sued ; and the justice's transcript embraces the two different actions—there being two different writs of summons—one against Jones on the account for work and labor done, and the other against Ghio for the same account, but to enforce the lien against his building, on which

the work had been done; and all the difficulty in the case arises from the confusion consequent upon this state of the justice's transcript. However, nothing further appears upon the transcript against Ghio than the summons and its return executed by the constable. There is no judgment, one way nor the other, so far as it respects Ghio. The parties—that is, Kinnear and Jones—appear before the justice on the 14th of November, and by consent the cause was continued until the 19th of the same month, when they appeared again and submitted the cause to the justice, who rendered judgment for the amount of the account for the plaintiff. The defendant appealed to the Law Commissioner's Court, where he moved the court to dismiss the suit; which was overruled. The plaintiff then moved to dismiss the appeal because the Law Commissioner had no jurisdiction; the suit being for a lien against a building, should have been taken by appeal to the Land Court and not to the Law Commissioner's Court. This motion was sustained, and the appeal was dismissed. The appellant excepted, and brings the case here by appeal.

From the record, there seems to have been some omission in regard to the case against Ghio. It does not appear to have been adjudicated. More than ninety days had elapsed after filing his lien before the plaintiff commenced his action against Ghio. This was in the face of the statute allowing the lien, which declares that all actions under it shall be commenced within ninety days after filing the lien, &c. (St. Louis Lien Law, Sess. Acts, 1843, p. 83.) Here, the suit did not begin within the ninety days. The account was filed as a lien on the 12th of July, and the summons issued on the 28th October, 1853. However, it does not appear to have been adjudicated upon by the justice. The judgment rendered was against Jones, the debtor; the appeal is taken by Jones, the debtor; and there does not seem to be the least ground to object to the jurisdiction of the Law Commissioner in regard to the appeal taken to his court. There is no judgment in regard to any lien, nor any attempt to enforce the lien in the case that was

tried before the justice. The lien part of it was never before the Law Commissioner. Ghio has nothing to do with the case. It is a mere personal action against Jones, and the judgment a mere personal judgment. It was, therefore, in the opinion of this court, error for the Law Commissioner to dismiss the appeal. The judgment below is reversed, and the cause remanded for further proceedings. Judge Leonard concurring.